BRIAN M. BOYNTON, Principal Deputy Assistant Attorney General
BURDEN H. WALKER, Acting Deputy Assistant Attorney General

AMANDA N. LISKAMM, Director
LISA K. HSIAO, Senior Deputy Director
ZACHARY A. DIETERT, Assistant Director
PAULINA STAMATELOS, Trial Attorney (NYRN 4357649)
United States Department of Justice
Civil Division, Consumer Protection Branch
450 5th Street, NW, Suite 6400-S
Washington, D.C. 20530
Telephone: (202) 353-7744
Email: pauline.a.stamatelos@usdoj.gov

ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division

EKTA DHARIA (NYRN 5219860)
Assistant United States Attorney
450 Golden Gate Avenue
San Francisco, California 94102
Telephone: (415) 436-7276
Fax: (415) 436-6748
Email: ekta.dharia@usdoj.gov

Attorneys for Plaintiff United States of America

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LYFT, INC., a corporation,<br><br>Defendant. | Case No. 24-cv-4773<br><br>**[PROPOSED] STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF** |

Plaintiff, the United States of America, on referral and notification to the Attorney General by the Federal Trade Commission ("Commission" or "FTC"), filed its Complaint for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Complaint"), for a permanent injunction, civil penalties, and

1  other relief in this matter, pursuant to Sections 5(a), 5(m)(1)(B), 13(b), and 16(a)(1) of the Federal Trade
2  Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 45(m)(1)(B), 53(b), 56(a)(1).  Defendant has waived
3  service of the summons and the Complaint.  Plaintiff and Defendant stipulate to the entry of this
4  Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") to
5  resolve all matters in dispute in this action between them.
6        THEREFORE, IT IS ORDERED as follows:

**FINDINGS**

7
8    1.   This Court has jurisdiction over this matter.
9    2.   The Complaint charges that Defendant participated in deceptive acts or practices in
10 violation of Section 5 of the FTC Act, 15 U.S.C. § 45, in connection with its false, misleading, or
11 unsubstantiated claims regarding driver earnings.
12   3.   Defendant neither admits nor denies any of the allegations in the Complaint, except as
13 specifically stated in this Order.  Only for purposes of this action, Defendant admits the facts necessary
14 to establish jurisdiction.
15   4.   Defendant waives any claim that it may have under the Equal Access to Justice Act, 28
16 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to
17 bear its own costs and attorneys' fees.
18   5.   Defendant and Plaintiff waive all rights to appeal or otherwise challenge or contest the
19 validity of this Order.

**DEFINITIONS**

21 For the purpose of this Order, the following definitions apply:
22   A.   **"App"** means any software application or code that can be transmitted or downloaded to
23 any mobile device.  App also includes any software referred to as an "app" or "mobile app" by
24 Defendant in the course of its communications or business practices, or in any app store.
25   B.   **"Clearly and Conspicuously"** means that a required disclosure is difficult to miss (*i.e.*,
26 easily noticeable) and easily understandable by ordinary consumers, including in all of the following
27 ways:
28

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 24-cv-7443

1. In any communication that is solely visual or solely audible, the disclosure must be made through the same means through which the communication is presented. In any communication made through both visual and audible means, such as a television advertisement, the disclosure must be presented simultaneously in both the visual and audible portions of the communication even if the representation requiring the disclosure is made in only one means.

2. A visual disclosure, by its size, contrast, location, the length of time it appears, and other characteristics, must stand out from any accompanying text or other visual elements so that it is easily noticed, read, and understood.

3. An audible disclosure, including by telephone or streaming video, must be delivered in a volume, speed, and cadence sufficient for ordinary consumers to easily hear and understand it.

4. In any communication using an interactive electronic medium, such as the Internet or software, the disclosure must be unavoidable.

5. The disclosure must use diction and syntax understandable to ordinary consumers and must appear in each language in which the representation that requires the disclosure appears.

6. The disclosure must comply with these requirements in each medium through which it is received, including all electronic devices and face-to-face communications.

7. The disclosure must not be contradicted or mitigated by, or inconsistent with, anything else in the communication.

8. When the representation or sales practice targets a specific audience, such as children, the elderly, or the terminally ill, "ordinary consumers" includes reasonable members of that group.

C. **"Defendant"** means Lyft, Inc. and its successors and assigns.

D. **"Driver"** means an individual who receives transportation requests from members of the public using Defendant's App.

# ORDER

## I. PROHIBITION AGAINST DECEPTIVE EARNINGS CLAIMS

IT IS ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any service using Drivers, are permanently restrained and enjoined from making any representation, or assisting others in making any representation, expressly or by implication, regarding Driver earnings, unless the representation is non-misleading, and, at the time such representation is made, Defendant possesses and relies upon competent and reliable evidence that is sufficient in quality and quantity to substantiate that the representation is true and that the claimed earnings are typical for persons similarly situated to those to whom the claim is made.

## II. PROHIBITION AGAINST MISREPRESENTATIONS RELATING TO TIPS

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any service using Drivers, are permanently restrained and enjoined from making any representation, or assisting others in making any representation, expressly or by implication, to Drivers or prospective Drivers regarding Driver earnings on an hourly basis that is based in part on the tips paid to Drivers.

## III. REQUIRED DISCLOSURES FOR EARNINGS GUARANTEES

IT IS FURTHER ORDERED that Defendant, Defendant's officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any service using Drivers, are permanently restrained and enjoined from making any representation, or assisting others in making any representation, expressly or by implication, regarding guaranteed minimum Driver earnings without disclosing, Clearly and Conspicuously, that eligible Drivers will receive the difference, between their earnings and the guaranteed amount.  Provided, however, that this Section does not apply to representations regarding guaranteed minimum Driver earnings where the

minimum amount of earnings is mandated or established by law.

## IV. NOTICE TO DRIVERS

IT IS FURTHER ORDERED that, within 30 days of entry of this Order, Defendant shall publish a notice, in the exact wording set forth in Exhibit A to this Order and in an easily legible format consistent with the format set forth in Exhibit A, using the notification interface of Defendant's App for Drivers.  The notice shall remain in the App's notification interface for a period of 60 days from initial publication.  Defendant shall take reasonable steps to ensure that Drivers can access and read the notice in the App, and shall not include in the notice any other information, documents, or attachments.

## V. MONETARY JUDGMENT FOR CIVIL PENALTY

IT IS FURTHER ORDERED that:

A. Judgment in the amount of Two Million One Hundred Thousand Dollars ($2,100,000) is entered in favor of Plaintiff against Defendant as a civil penalty.

B. Defendant is ordered to pay to Plaintiff, by making payment to the Treasurer of the United States, Two Million One Hundred Thousand Dollars ($2,100,000), which, as Defendant stipulates, their undersigned counsel holds in escrow for no purpose other than payment to Plaintiff. Such payment must be made within 7 days of entry of this Order by electronic fund transfer in accordance with instructions provided by a representative of Plaintiff.

C. Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

D. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the Commission in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order.

E. Defendant acknowledges that its Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendant must submit to the Commission, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. § 7701.

## VI. ORDER ACKNOWLEDGMENTS

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 24-cv-7443

IT IS FURTHER ORDERED that Defendant obtain acknowledgments of receipt of this Order:

A. Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled "Compliance Reporting." Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which Defendant delivered a copy of this Order, Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VII.   COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendant make timely submissions to the Commission:

A. One year after entry of this Order, Defendant must submit a compliance report, sworn under penalty of perjury. Defendant must:

    1. Identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission and Plaintiff may use to communicate with Defendant;

    2. Identify all of Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses;

    3. Describe the activities of each business, including the goods and services offered and the means of advertising, marketing, and sales;

    4. Describe in detail whether and how Defendant is in compliance with each Section of this Order; and

    5. Provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B.  For 10 years after entry of this Order, Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

    1.  Any designated point of contact; or

    2.  The structure of Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C.  Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against Defendant within 14 days of its filing.

D.  Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.  Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. Lyft, Inc.

## VIII.  RECORDKEEPING

IT IS FURTHER ORDERED that Defendant must create certain records for 10 years after entry of the Order, and retain each such record for 5 years. Specifically, Defendant must create and retain the following records:

A.  Accounting records showing the revenues from all goods or services sold;

B.  Personnel records showing, for each person providing services concerning the subject matter of the Order, whether as an employee or otherwise, but excluding Drivers, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for

termination;

C. Records showing, for each Driver, that Driver's: name; addresses; telephone numbers; dates of service; and (if applicable) the reason for termination, unless the Driver requests deletion of their account or data with Defendant;

D. Records of all Driver complaints concerning the subject matter of the Order, whether received directly or indirectly, such as through a third party, and any response;

E. All materials that were relied upon to substantiate a representation covered by Section I of the Order;

F. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

G. A copy of each unique advertisement or other marketing material relating to the subject matter of the Order, except:

    1. Defendant need not retain a copy of advertisements or other marketing materials that include an express representation that Drivers can "earn money with Lyft," "make money with Lyft," or a substantially similar and conclusory express representation, and that do not include any other more specific express or implied representations (including representations made via imagery) related to Driver earnings; and

    2. For advertisements or other marketing materials that are dynamically generated and disseminated by a third party (*e.g.*, Google search ads), Defendant may instead retain:

        a. Any components supplied by or on behalf of Defendant to the third party for generating such advertisements or other marketing materials (*e.g.*, text, images, audiovisual elements);

        b. Any dissemination data and ad performance reporting related to such advertisements or other marketing materials that Defendant accesses and uses; and

        c. Any ad monitoring reports related to such advertisements or other

marketing materials that Defendant accesses and uses.

## IX.   COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendant's compliance with this Order and any failure to transfer any assets as required by this Order:

A.   Within 14 days of receipt of a written request from a representative of the Commission or Plaintiff, Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  The Commission and Plaintiff are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69, provided that Defendant, after attempting to resolve a dispute without court action and for good cause shown, may file a motion with this Court seeking an order for one or more of the protections set forth in Rule 26(c).

B.   For matters concerning this Order, the Commission and Plaintiff are authorized to communicate directly with Defendant.  Defendant must permit representatives of the Commission and Plaintiff to interview any employee or other person affiliated with Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.   The Commission and Plaintiff may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendant or any individual or entity affiliated with Defendant, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## X.   RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this ___ day of _____, 202_.

_____
HON. [Insert name]
UNITED STATES _____ JUDGE
NORTHERN DISTRICT OF CALIFORNIA

**SO STIPULATED AND AGREED:**

**FOR PLAINTIFF:**

THE UNITED STATES OF AMERICA

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General, Civil Division

BURDEN H. WALKER
Acting Deputy Assistant Attorney General, Civil Division

AMANDA N. LISKAMM
Director, Consumer Protection Branch

LISA K. HSIAO
Senior Deputy Director, Civil Litigation

ZACHARY A. DIETERT
Assistant Director

Respectfully submitted,

  /s/ Pauline Stamatelos
PAULINE STAMATELOS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
P.O. Box 386
Washington, DC 20044
Phone: 202-353-7744
Email: Pauline.A.Stamatelos@usdoj.gov

ISMAIL J. RAMSEY
United States Attorney

/s/ Ekta Dharia*
EKTA DHARIA
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-7276
Fax: (415) 436-6748
Email: ekta.dharia@usdoj.gov

Of Counsel:

KERRY O'BRIEN

Regional Director
Western Region San Francisco

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 24-cv-7443

11

1  EMILY COPE BURTON
   Assistant Regional Director
2  Western Region San Francisco

3  EVAN ROSE (CABN 253478)
   ABDIEL T. LEWIS (CABN 339339)
4  Attorneys
   Federal Trade Commission
5  Western Region San Francisco
   90 Seventh St., Suite 14-300
6  San Francisco, CA 94103
   Phone: (415) 848-5100
7  Email: erose@ftc.gov, alewis4@ftc.gov

8

9  *In compliance with Civil L.R. 5-1(i)(3), the filer of this document attests under penalty of perjury that each of the other Signatories has concurred in the filing of this document.

| | |
|---|---|
| 1 | **FOR DEFENDANT:** |
| 2 | |

___[signature]_____  Date: 10/25/24
CHRISTOPHER OLSEN
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW
Washington, DC 20006
(202) 973-8803
colsen@wsgr.com


KELLY SINGLETON
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW
Washington, DC 20006
(202) 973-8840
ksingleton@wsgr.com

COUNSEL FOR LYFT, INC.




**DEFENDANT: LYFT, INC.**


_____  Date: _____
BLAIRE STOKES
Senior Director, Litigation
Lyft, Inc.

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 24-cv-7443

**FOR DEFENDANT:**

_____     Date: _____
CHRISTOPHER OLSEN
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW
Washington, DC 20006
(202) 973-8803
colsen@wsgr.com


KELLY SINGLETON
Wilson Sonsini Goodrich & Rosati
1700 K Street, NW
Washington, DC 20006
(202) 973-8840
ksingleton@wsgr.com

COUNSEL FOR LYFT, INC.


**DEFENDANT: LYFT, INC.**

*[signature]*_____     Date: 10/25/24
BLAIRE STOKES
Senior Director, Litigation
Lyft, Inc.

STIPULATED ORDER FOR PERMANENT INJUNCTION, CIVIL PENALTY JUDGMENT, AND OTHER RELIEF
Case No. 24-cv-7443

13

Exhibit A: Notice to Drivers

**Headline of notification interface update:** Lyft's Settlement with the U.S. Government

**Body of notification interface update:** Click to read more about Lyft's settlement about driver earnings [clicking anywhere will lead to the full notice]

**Headline of full notice:** Lyft's Settlement with the U.S. Government

**Body of full notice:**

Lyft recently reached a settlement in a case brought by the United States Department of Justice upon referral from the Federal Trade Commission (FTC), the nation's consumer protection agency. The government alleged that, between April 2021 and June 2022, we made claims about what Lyft drivers earn on an hourly basis that could mislead drivers into thinking they were likely to earn that amount.

The government also alleged that, since at least January 2021, we failed to explain to drivers how Earnings Guarantee promotions work and that the guaranteed amount was not a bonus.

Although we neither admit nor deny any of the government's allegations, we agreed to resolve the matter. The settlement requires us to pay a fine, explain to drivers how Earnings Guarantee promotions work, and make sure what we say about driver earnings in our advertising is supported and does not mislead drivers.

For more information about our settlement, visit [hyperlink to FTC press release].
To learn about your rights as a consumer, visit the FTC's website at Consumer.ftc.gov.

[Spanish translation]

Lyft recientemente llegó a un acuerdo en un caso presentado por el Departamento de Justicia de los Estados Unidos por recomendación la Comisión Federal de Comercio (FTC, por su sigla en inglés), la agencia nacional de protección al consumidor. El gobierno alegó que, entre abril de 2021 y junio de 2022, hicimos declaraciones sobre lo que ganan por hora los conductores de Lyft que podrían confundir a los conductores haciéndoles pensar que probablemente ganarían ese monto.

El gobierno también alegó que, al menos desde enero de 2021, no explicamos a los conductores cómo funcionan las promociones de garantía de ingresos, conocidas como Earnings Guarantee en inglés, y que el monto garantizado no era una bonificación.

Aunque no admitimos ni negamos ninguna de las alegaciones del gobierno, acordamos resolver el asunto. El acuerdo exige que paguemos una multa, expliquemos a los conductores cómo funcionan las promociones de garantía de ingresos y nos aseguremos de que lo que decimos

sobre los ingresos de los conductores en nuestros anuncios esté respaldado y no confunda a los conductores.

Para obtener más información sobre nuestro acuerdo resolutorio, visite [hyperlink to FTC press release]. Para conocer sus derechos como consumidor, visite el sitio web de la FTC disponible en Consumidor.ftc.gov.

**EXHIBIT B**

## REASONS FOR SETTLEMENT

This statement accompanies the [Proposed] Stipulated Order for Permanent Injunction, Civil Penalty Judgment, and Other Relief ("Order") executed by defendant Lyft, Inc. ("Defendant") in settlement of an action seeking injunctive relief, civil penalties, and other relief for Defendant's alleged violations of Section 5(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 45(a). The Order imposes injunctive relief and requires Defendant to pay $2.1 million as a civil penalty.

Pursuant to Section 5(m)(3) of the FTC Act, 15 U.S.C. § 45(m)(3), the Commission hereby sets forth its reasons for settlement by entry of the Order:

> Based on the allegations contained in the Complaint and the factors set forth in Section 5(m)(1)(C) of the FTC Act, 15 U.S.C. § 45(m)(1)(C), the Commission believes that entry of the Order is appropriate and in the public interest.
>
> First, the $2.1 million civil penalty and the injunctive provisions in the Order, including the provisions permanently enjoining Defendant from making misleading or unsubstantiated driver earnings claims, constitute an effective means to ensure Defendant's future compliance with the law and deter others from engaging in similar violations.
>
> Second, the Order is consistent with past orders entered in cases involving similar violations of the FTC Act.
>
> Finally, with the entry of the Order, the time and expense of litigation against Defendant will be avoided.

For the foregoing reasons, the Commission believes that settlement by entry of the attached Order is justified and well within the public interest.